UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23242-BLOOM /Otazo-Reyes

WEISS RATINGS, LLC,

    Plaintiff,

v.

THE INDIVIDUALS, BUSINESS ENTITIES, AND
UNICORPORATED ASSOCIATIONS RESPONSIBLE
FOR REGISTERING, OWNING, AND OPERATING
THE WEBSITES LOCATED AT THE URLS:
WEISSRATINGS.ONLINE AND
WEISSCRYPTOINVESTMENT.COM,

    Defendants.

_____/

## ORDER ON ALTERNATE SERVICE OF PROCESS

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Service of Process by Electronic Mail, ECF No. [7] ("Motion"). In the Motion, Plaintiff requests that this Court authorize alternate service of process upon Defendants who are unknown businesses or persons responsible for the websites located at the URLs "weissratings.online" and "weisscryptoinvestment.com" ("The Websites"). *See id.* The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

Federal Rule of Civil Procedure 4(f)(3) provides for alternate methods of service of process, so long as these are "not prohibited by international agreement, as the court orders." Fed. R. Civ. P 4(f)(3). Courts have discretion to determine the appropriate means of service in a given case. *U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617, 619 (S.D. Fla. 2011). In exercising this discretion, the court must ensure that the alternative method of service of process

comports with general due process requirements. *Chanel, Inc. v. Lin*, No. 08-23490-CIV, 2009 WL 1034627, at *1 (S.D. Fla. Apr. 16, 2009). This means that the alternative method of service must provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L.Ed. 865 (1950). Service via e-mail has been permitted as a proper means of alternate service of process. *Aliaga*, 272 F.R.D. at 619 (citing, *inter alia, Chanel, Inc. v. Zhixian*, No. 10-CV-60585, 2010 WL 1740695, at *4 (S.D. Fla. Apr. 29, 2010)).

In this case, the requested alternate method of service – namely, e-mail – is not prohibited by international agreement. The domain name registrations for the Websites indicate that the Websites' owners and operators are using a Reykjavik, Iceland based business to conceal their identifying information and lists a Reykjavik mailing address. ECF No. [7-6]. Iceland is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). *See* Status Table: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17. The Hague Convention does not specifically preclude service of process via e-mail. A court acting under Rule 4(f)(3), therefore, remains free to order alternative means of service where a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Accordingly, service by e-mail does not violate an international agreement in this case.

Furthermore, Plaintiff has shown good cause why leave should be granted to allow service of the Summonses and Complaint, and all subsequent filings in this matter, upon Defendants via e-mail to the web hosts "Host 4 Yourself" and "WhoGoHost" (collectively "Web Hosts") who hosted The Websites. Before initiating this action, Plaintiff's counsel emailed the webhosts

copyright infringement takedown notices. ECF No. [7] at 2. Host 4 Yourself replied that it notified Defendants and thereafter weissratings.online was disabled. Id. Similarly, WhoGoHost replied to Plaintiff's counsel and verified that weisscrypoinvestment.com was suspended. *Id*. Plaintiff has e-mailed the Web Hosts copies of the Complaint and Summons and requested that they be delivered to Defendants. *Id*. at 4. WhoGoHost replied that it forwarded the complaint to the website owner while Host 4 Yourself has not responded. *Id*.

Plaintiff has established that there is no feasible way for Plaintiff to serve Defendants by process server or any other conventional means because Plaintiff does not know the identities of the persons or business entities who control the The Websites. The Websites provided an address in North Miami where Plaintiff attempted to serve process but was informed that no resident is known to be associated with The Websites. *See* ECF No. [7] at 4. Plaintiff also attempted to send an e-mail to the e-mail address listed on the Websites, but the e-mail resulted in a bounce back notification indicating that delivery failed. *See id*. Plaintiff has demonstrated the effectiveness of e-mail to the Web Hosts as a means of communicating with Defendants. *See id*. Therefore, service via the Web Hosts' e-mail address is reasonably calculated to give notice to Defendants of the pendency of the action and afford Defendants an opportunity to present Defendants' objections.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [7]**, is **GRANTED**. Plaintiff is authorized to serve the Summons, Complaint, and all filings in this matter upon Web Hosts via e-mail at abuse@host4yourself.com and abuse@whogohost.com.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 28, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record